BEVERLEY M. CURRY, appellant, v. WILLIAM A. HINMAN, appellee.

*Appeal from Schuyler.*

A judgment was rendered in an action of *ejectment* in the Circuit Court for the recovery of the tract of land in controversy, and for damages and costs. An appeal was taken, and the bond recited that the judgment was rendered on a day which was not the day on which it was in fact rendered, and that it was for damages and costs. In the appellate Court, a motion was made to dismiss the appeal for the want of a sufficient bond: *Held*, that the bond was insufficient by reason of the variance.

MOTION to dismiss an appeal bond for insufficiency. The facts of the case are stated by the counsel for the appellee in their brief.

*O. H. Browning & N. Bushnell,* for the appellee.

In this case the judgment was entered on the 9th day of April, 1846, for the S. W. 27, 2 N. 1 W. and for one cent damages and costs. On the 11th day of April, an order was made granting an appeal, requiring bond to be given in thirty days, in the penalty of $100, conditioned as the law directs. On the 6th day of May, 1846, the bond was executed in the penalty and with the security directed, reciting that a judgment was recovered by Hinman against Curry on the 11th day of April, 1846, for one cent damages and costs of suit, and conditioned for the payment of the judgment and costs, and that Curry should duly prosecute his appeal with effect.

The appeal should be dismissed because the judgment recited in the bond is variant from the judgment appealed from, in this, to wit:

*First.* The judgment appealed from was rendered on the 9th day of April, 1846, and the bond recites a judgment recovered on the 11th day of April, 1846; and

*Second.* The judgment appealed from was for the recovery of the S. W. 27, 2 N. 1 W. and for one cent damages and costs, and the bond recites a judgment for one cent damages and costs, omitting any notice of the land.

The case of *Brooks* v. *Jacksonville*, 1 Scam. 568, is relied upon as directly in point.

*W. A. Minshall*, for the appellant, resisted the motion.

1. It is admitted by the counsel for the appellee that the bond is, in every respect, in compliance with the order, except that it did not recite that the judgment was for the possession of a quarter section of land.

2. It is also admitted, that the bond recited a judgment on the 11th day of April, and the record shows a judgment on the 9th day of April.

As to the *first* position, it is insisted that it was not necessary to recite that the judgment was for land. The statute does not require it. It only requires the bond to be conditioned for the payment of the judgment, costs and damages, in case the judgment shall be affirmed, and for the prosecution of the appeal. Rev. Stat. 420, § 47. If the judgment is affirmed, the plaintiff obtains possession as a matter of course; there is no condition in the Act necessary to be inserted in the bond, requiring him to restore possession of the land. The condition in the statute only contemplates the recital of a judgment which can be *paid*. The words of the Act are, "shall be conditioned for the *payment* of the judgment." It is not, therefore, necessary or proper to recite more in the bond than the judgment on which the condition of the bond is based, to wit: the judgment for damages and costs.

As to the *second* point that there is a variance, it is insisted that there is no variance, for on the rendering of the judgment on the 9th day of April, a motion for a new trial was interposed and not disposed of till the 11th day of April, when it was overruled, so that the judgment, in legal effect, was suspended by the motion until the latter day, and then, when overruled, the judgment took effect, and the party can recover on the bond because, both in pleading and evidence, the legal effect is sufficient in the allegation and proof. 3 U. S. Dig. 147; *Dorr* v. *Fenno*, 12 Pick. 521; *Lent* v. *Paddleford*, 10 Mass. 236; *Moore* v. *Boswell*, 5 do. 306.

It is a universal rule, that the party may recover on proving the legal effect of the contract, &c. 1 Starkie's Ev. 401, 402.

The Courts have departed from the strict rule in variance. *Hull* v. *Blaisdell,* 1 Scam. 332; *Stevens* v. *Stebbins,* 3 do. 25, 26.

The Opinion of the Court was delivered by

Treat, J.    A judgment was rendered on the 9th of April, 1846, that Hinman recover of Curry the possession of a quarter section of land, and one cent damages and the costs of the action.    On the 11th of April, the Court overruled a motion interposed by Curry for a new trial, and allowed him an appeal.    The appeal bond recited the rendition of a judgment on the 11th of April, 1846, for one cent damages and costs.

The appellee now moves to dismiss the appeal, because of the insufficiency of the bond.    The motion must be granted The judgment was recovered on a different day than the one stated in the bond.    The judgment is not correctly recited in the bond.    It was for the recovery of a tract of land, as well as for damages and costs.    These variances might be material in an action on the bond.    The bond ought to afford the appellee an effectual remedy.    *Brooks* v. *Jacksonville,* 1 Scam. 568.

The appeal will be dismissed with costs.

*Appeal dismissed.*